# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:16CR36-JRG |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| JESSICA CHEVRIER (1) | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Jessica Chevrier's supervised release based on violations of her supervised release conditions. Defendant waived her right to a revocation hearing and pleaded "true" to Allegation 1 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 10 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Conspiracy to Manufacture Methamphetamine, a Class C felony, Defendant was sentenced on May 27, 2015, by the Honorable J. Garvan Murtha, United States District Judge, District of Vermont, to 15 months of imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include mental health treatment, drug aftercare and search and seizure. The offense carried a statutory maximum imprisonment term of 20 years and the guideline imprisonment range, based on a total offense level of 17 and a criminal history category of II, was 27 to 33 months. Defendant completed her term of imprisonment and began serving her term of supervised release on November 10, 2015.

The case was transferred to the Eastern District of Texas on June 21, 2016. Defendant's supervised release was revoked on October 21, 2017. She was sentenced to 6 months of imprisonment followed by 18 months of supervised release. On February 28, 2018, Defendant completed her term of imprisonment and began serving her term of supervised release. The case was reassigned to Chief Judge Rodney Gilstrap on April 23, 2018.

*Allegations*

In the Petition for Warrant or Summons for Offender under Supervision filed on June 11, 2018, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of release:

**Allegation 1** (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance and must submit to one drug test with fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. It is alleged that on March 29, 2018, Ms. Chevrier admitted to using methamphetamine and cocaine; on April 27, 2018, Ms. Chevrier submitted a urine sample that tested positive for methamphetamine, which was confirmed by lab results; and on May 1, 2018, Ms. Chevrier admitted to using heroin and buprenorphine (suboxone).

**Allegation 2** (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses her from doing so. It is alleged that Ms. Chevrier failed to maintain employment since her release from the Bureau of Prisons on February 28, 2018 until May 4, 2018.

**Allegation 3** (standard condition 8): The defendant must not communicate or interact with someone she knows is engaged in criminal activity. If she knows someone has been convicted of a felony, she must not knowingly communicate or interact with that person without first getting

the permission of the probation officer. It is alleged that on May 9, 2018, Ms. Chevrier admitted to having contact with Michael Galyean, a convicted felon, without prior permission of the probation officer; and on May 15, 2018, Ms. Chevrier admitted to having contact with Broderick Pippins, a convicted felon, without prior permission of the probation officer.

**Allegation 4** (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of up to 180 days to commence immediately and must abide by the rules and regulations of the center. It is alleged that on May 15, 2018, Ms. Chevrier was unsuccessfully discharged from the residential reentry center.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine, heroin or cocaine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 6 to 12 months of imprisonment. The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). The Guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On July 9, 2018, Defendant appeared for an initial appearance. Assistant United States Attorney Lucas Machicek announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Ken Hawk, for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 10 months of imprisonment with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 1 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FCI Bryan to facilitate family visitation. She additionally requested a recommendation for substance abuse counseling.

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 10 months of imprisonment with no further

supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 10 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 10 months of imprisonment with no further supervised release and with a recommendation to the Bureau of Prisons to designate Defendant to FCI Bryan and place her in substance abuse counseling.

So ORDERED and SIGNED this 9th day of July, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE